# United States District Court
# Central District of California

| | |
|---|---|
| LAURA MUNOZ,<br><br>            Plaintiff,<br><br>   v.<br><br>WALMART INC. et al.,<br><br>           Defendants. | Case №. 2:19-cv-08333-ODW (JPRx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT AND REMAND [9]** |

## I.    INTRODUCTION

Before the Court is Plaintiff Laura Munoz's ("Munoz") Motion for Leave to File a First Amended Complaint and Remand to State Court. (Mot. to Amend Compl. ("Mot."), ECF No. 9.) Munoz seeks to amend her Complaint to add a new party, Lorraine Herrera ("Herrera"), and remand the matter back to state court. (Mot. 2.) However, because Munoz does not satisfy the *IBC Aviation* test, the Court **DENIES** Munoz's Motion.[1] (ECF No. 9.)

---

[1] After considering the papers filed by the parties, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

On or about June 18, 2017, Munoz slipped-and-fell while shopping at Wal-Mart. (Mot. 2.) On February 25, 2019, Munoz brought this action against Wal-Mart in state court, and alleged negligence and premises liability. (Mot. 2.) On grounds of diversity jurisdiction, Wal-Mart removed this matter from state court on September 26, 2019. (Mot. 2.) Munoz asserts that Herrera was the manager of the store at the time of her slip and fall. (Mot. 2.) Munoz also asserts that ultimately Herrera was responsible for (1) the maintenance of the store at the time of her slip and fall; (2) verifying that there was in place a policy that provided for the maintenance of the store; (3) the training and education of the store employees who were tasked with conducting the maintenance of the store; and (4) verifying that the store be maintained according to industry standards. (Mot. 2.) Almost eight months after bringing this action and after Wal-Mart removed this action, does Munoz only now moves to amend her Complaint and add Herrera as a defendant. (Mot. 2.)

## III. LEGAL STANDARD

When a plaintiff tries to join more defendants after removal, and that joinder would destroy subject matter jurisdiction, a court may deny joinder, or allow it and remand the case. 28 U.S.C. § 1447(e). Under the statute, the decision is up to "the sound discretion of the court," and is reviewed under an abuse of discretion standard. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

Courts often consider six factors in deciding whether to allow plaintiff to amend to add a non-diverse defendant: (1) whether party to be joined is needed for just adjudication and would have to be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff. *IBC Aviation Servs., Inc. v. Compania Mexicana de*

*Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (collecting cases identifying the factors). A court need not consider all the issues, as any factor can be decisive, and no one of them is a necessary condition for joinder. *Negrete v. Meadowbrook Meat Co.*, ED CV 11-1861 DOC, 2012 WL 254039 at *3 (C.D. Cal. Jan. 25, 2012); *Yang v. Swissport USA, Inc.*, C 09-03823 SI, 2010 WL 2680800 (N.D. Cal. July 6, 2010). Granting leave to amend is only appropriate if the factors for joinder outweigh those against joinder. *IBC Aviation*, 125 F. Supp. 2d at 1011.

## IV. DISCUSSION

The Court now determines whether the *IBC Aviation* test favors joinder and granting Munoz leave to amend her Complaint.

**A. Adjudication**

Federal Rule of Civil Procedure 19 requires joinder of a person (a) whose absence would preclude complete relief among existing parties, or (b) who claims an interest in the action and, if the case is disposed without that person, the result either may impair or impede the absent person's ability to protect their interest, or it may leave an existing party subject to inconsistent obligations. Fed. R. Civ. P. 19(a). "The standard is met when failure to join will lead to separate and redundant actions," but it is not met when "defendants are only tangentially related to the cause of action or would not prevent complete relief." *IBC Aviation*, 125 F. Supp. 2d at 1012.

Here, no such circumstances exist. Munoz alleges that Herrera was the manager of the Wal-Mart and ultimately responsible for Munoz's injuries. (Mot. 5.) However, Munoz provides no argument as to why Herrera's absence would preclude complete relief, or impair or impede Munoz's ability to protect her interest. *See* Fed. R. Civ. P. 19(a). All Munoz has claimed is that Herrera was the manager in charge on the day that she fell. *Colonna v. Lowe's Hiw Inc.*, No. SA-CV-130556-DOC (RNBx), 2013 WL 12130012, at *2 (C.D. Cal. June 21, 2013) (finding similar allegations do not support allowing plaintiff to amend.) However, Munoz seeks money damages, accordingly, Wal-Mart may be held liable for damages caused by their employees, even if Herrera is

not joined in this action. *See King v. Soexo, Inc.*, No. 2:16-CV-03076-ODW (RAOx), 2016 WL 4161095, at *3 (C.D. Cal. Aug. 5, 2016) (individual employees of an employer defendant are not necessary under Rule 19(a) because liability for the Individual Defendants' actions as an employee are imputed to his employer under the doctrine of *respondeat superior*); *Fonseca v. Wal Mart Assocs., Inc.*, No. ED-CV-19821-JGB (KKx), 2019 WL 2903960, at *2 (C.D. Cal. July 5, 2019). Thus, Munoz is able to obtain complete relief in Herrera's absence. *King v. Soexo, Inc.*, 2016 WL 4161095, at *3. Thus, Walmart is "correct that under Rule 19(a), Herrera is a not necessary party." *Id*. Accordingly, this factor does not support allowing Munoz to amend.

### B. Statute of Limitation

Here, Munoz states that the statute of limitations for her personal injury action is two years, Cal. Civ. P. Code § 335.1, and thus, as alleged, the statute of limitations has expired and would prevent Munoz from bringing this claim in state court. (Mot. 5.) However, as discussed above, Herrera is not a necessary party for Munoz to fully recover for her claim against Wal-Mart. Accordingly, this factor does not support remand. *Calderon v. Lowe's Home Centers, LLC*, No. 2:15-CV-01140-ODW, 2015 WL 3889289 at *5 (C.D. Cal. June 24, 2015).

### C. Delay in Bringing this Motion

"When determining whether to allow amendment to allow joinder of a non-diverse party, courts consider whether the amendment was timely." *Id*. Here Wal-Mart provided responses to Munoz's discovery that identified Wal-Mart associates that had knowledge of the incident. (Opp'n to Mot. 4, ECF No. 11.) Accordingly, Munoz had the opportunity to ascertain the identity of doe defendants before Wal-Mart removed to Federal Court but declined to do so. *Calderon*, 2015 WL 3889289 at *5 (finding that plaintiff had the opportunity to ascertain the identify of does defendants before removal). Instead, Munoz waited to identity Herrera, a non-diverse doe defendant, 232 days after the original filing. Clearly, Munoz "never attempted to identify or charge a

doe defendant until she found that the case was removed to a disfavored venue." *Id.* (finding it apparent that Plaintiff never attempted to identify or charge a doe defendant until she found that the case was removed to a disfavored venue). Therefore, "the amendment is too late," and accordingly, this factor weighs heavily against granting leave to amend. *Id.*

### D. Intent and Validity of Adding New Defendants

Courts routinely exercise their discretion to deny joinder when it appears that the plaintiff's sole motivation for joining a defendant is to defeat diversity jurisdiction and avoid resolution of the case in federal court. *See Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980) (concluding that a trial court "should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and require a remand to the state court").

Munoz states that her "motive for seeking to amend her action and include [] Herrera is to permit adjudication of this action in its entirety against all possible culpable parties." (Mot. 6.) However, as in *Colonna*, here Munoz "has simply added a[] [] manager apparently on duty the day that she was injured, and added substantively no new information about what alleged negligence caused her injuries." *Colonna*, 2013 WL 12130012, at *2 (finding that barebones nature of the allegations makes it difficult to assess the validity of adding the alleged defendant). Therefore, as in *Calderon*, Munoz "has nothing to gain from joining [Herrera] except for defeating diversity." *Calderon*, 2015 WL 3889289, at *5. As already discussed, Herrera's actions are imputed to her employer, Wal-Mart; therefore, Munoz cannot assert claims against Herrera as an individual. *Id.* (finding that plaintiff cannot assert claims against sham defendant because his "actions are imputed to his employer.") Accordingly, the Court finds that the fourth and fifth factors weigh in favor of denying the Motion.

**E. Prejudice to Plaintiff**

Because Munoz can receive an adequate final judgement from Wal-Mart under the doctrine of *respondent superior*, this Court finds no prejudice to Munoz if Herrera is not joined. *Id.* (finding that plaintiff would not be prejudiced if employee was not joined because plaintiff could receive complete recovery under the doctrine of *respondent superior*). Consequently, this factor weighs against granting leave to amend.

### V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Munoz's Motion for Leave to File an Amended Complaint and Remand. (ECF No. 9.)

**IT IS SO ORDERED.**

January 8, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**